## DAMAGES TO PROPERTY FROM THE BREAKING OF A WATER MAIN.

[Circuit Court of Hamilton County.]

GUSTAV R. WERNER v. THE CITY OF CINCINNATI. *

Decided, April 16, 1902.

*Damages—From the Bursting of a Water Main, Flooding Residence Property—Proximate Cause not Faulty Construction of House— Erroneous Charge of Court as to Contributory Negligence—Pleading as to Former Recovery—Defense of Res Judicata.*

1. A property owner in constructing a building or maintaining service pipes is not bound to anticipate the contingency of the bursting of a water pipe in the street, and in an action against the municipality for damages on account of a rush of water over his premises from such a break, it is erroneous to charge that he can not recover if his own acts or omissions contributed in any degree to the injury, where no issue has been made either in the pleadings or evidence as to contributory negligence.
2. A former recovery relied upon as an estoppel should be pleaded; but if not pleaded, the judgment is still admissible in evidence, though it is not a conclusive bar to the action.
3. Whether actually determined or not, every question which might have been litigated in a former suit will be deemed to be at rest.
4. Other errors are immaterial, if a defense of *res judicata* is sustained by the evidence.

GIFFEN, J.; SWING, J., and JELKE, J., concur.

Heard on error.

The plaintiff below alleges in his petition that the city negligently suffered its water mains to leak, and causes the water to flow over his premises, whereby his dwelling house was damaged in the sum of $2,000.

The amended answer contains a general denial, and also an allegation that if any injury has happened to said property it has resulted from the neglect and improper construcion of said house and the maintenance thereof, and to the negligent maintenance of service pipes unrepaired.

The reply contains a denial of new matter in the answer.

A verdict was returned for the city and judgment rendered thereon.    Plaintiff prosecutes error, and as a ground thereof

* Affirmed by the Supreme Court without report, April 5, 1904.

says the court erred in giving to the jury, at the request of the city, the following special charge, to-wit:

"If you find that the acts or omissions of the plaintiff, as you may find from the evidence, contributed in any degree to the injury of which he complains, your verdict must be for the defendant."

This instruction and the facts of the case are similar to those in *Johnson* v. *Cincinnati,* 20 C. C., 657, in which case this court held the special charge to be erroneous upon authority of *Schweinfurth* v. *Railway Co.,* 60 Ohio St., 215. The charge before us comes within the same authority, and for like reasons must be held erroneous.

It may be said in addition that the pleadings do not present a case of contributory negligence, and hence there was no occasion for a charge upon that subject. The proximate cause of the injury was as alleged in the petition, the breaking of the water main, and if the damages were only enhanced by reason of the defective construction of the house or the negligent maintenance of the service pipes, neither of them was a cause without which no damages would follow, and if either or both of them cause all the damage, independent of the break in the main, then there was a failure of proof of the negligence alleged. If A negligently breaks a window in B's house, B has a cause of action against A for damages, and it is no defense if the glass was thin and weak, and that had it been of double strength it would not have been broken. So that in this case the plaintiff owed no duty to the city in constructing his house, or maintaining his service pipes, to anticipate and provide against a rush of water caused by the negligence of the city.

This error, however, is immaterial if the defense of *res judicata* is sustained by the evidence. Such defense was not pleaded, but a petition filed by this plaintiff and the judgment thereon were offered in evidence, from which it is claimed by the city that the matters litigated in this suit were determined in the other case. While a former recovery relied on as an estoppel should be pleaded, still if not so pleaded the judgment is admissible evidence, but it is not a conclusive bar to the action; the jury may nevertheless find for the plaintiff if they think

him entitled to recover.  *Meiss* v. *Gill*, 44 Ohio St., 253.

In that case, which was commenced after the present suit, the petition contains the allegation that by reason of the careless and negligent manner in which the retaining wall in front of his premises was constructed, the same has become cracked, and that in consequence thereof the water and sewerage seeps through the said wall from said street and into the foundation of his house, undermining the same and damaging the house in the sum of $500.  In each case the petition contains the averment that the damage to the house was caused by the water flowing from the street, in the one case from a broken main, and in the other, presumably from the surface of the street, and the time within which the damage was done in the present suit is included in the period covered by the suit first determined.  Although the averments in the two petitions are not precisely alike, the same damages arising from substantially the same cause are set out in each.

It is immaterial whether the negligence of the city consisted in suffering the water main to be and remain out of repair, or whether any negligence was alleged or shown in the other suit, provided the same flow of water and resulting damage that are now alleged were embraced in the former adjudication, and we think they are identical.

It is urged by counsel for plaintiff in error that the former judgment is for damages arising only from a change of grade of Baltimore avenue, but it will be observed that this part of the judgment is by consent, and made to include damages thereafter accruing, while the judgment proper covers all the issues in the case; and besides it is well settled that every question which the parties might have litigated in a case is deemed at rest, whether actually determined or not.  *Petersine* v. *Thomas*, 28 Ohio St., 596.

It is apparent from the record that the jury found for the defendant below, for the reason that the former judgment was a bar to this action, and having affirmed this finding, we think it unnecessary to consider the errors assigned.

Judgment affirmed.

*Gustav R. Werner*, for plaintiff in error.

*Corporation Counsel*, contra.